## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUST IMAGE, LLC,<br>      Plaintiff, | )<br>)<br>) |
| | )    Case No.: |
| v. | )<br>) |
| MARKET REALIST, INC.,<br>      Defendant, | )<br>)<br>)<br>) |

### COMPLAINT AND JURY DEMAND

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Market Realist, Inc. ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.　　This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq.* Plaintiff seeks compensatory and statutory damages in an amount to be established at trial and attorney's fees.

### PARTIES

2.　　Plaintiff is a limited liability company organized and existing under the laws of New York with its principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3.　　Upon information and belief, Defendant is a domestic business corporation registered in New York and doing business at 1325 6th Ave 20th Floor, New York, NY 10019.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant is conducting resides in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.      Plaintiff's Business

7.      Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection.  Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video.  On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes.  In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

8.      Among Plaintiff's many celebrated photographers to have granted Plaintiff

an exclusive license of copyrights for the purpose of monetizing their works is Miller

Mobly and Joe Pugliese, the authors of the photographic works at issue in this litigation.

9.      Miller Mobley is the sole author of the following image referred to herein

as AU2189695:



10.     Plaintiff has obtained a certificate of registration from the United States Copyright

Office, Reg. Nos. VA 2-348-638, for the copyrights in and to AU2189695.

11.     Plaintiff owns, and has owned at all relevant times, all the copyrights in

and to AU2189695 as the exclusive licensee.

12.     Joe Pugliese is the sole author of the following image referred to herein as

AU1400812:



13.     Plaintiff has obtained a certificate of registration from the United States Copyright Office, Reg. Nos. VAu 1-163-131, for the copyrights in and to AU1400812.

14.     Plaintiff owns, and has owned at all relevant times, all the copyrights in and to AU1400812 as the exclusive licensee.

15.     The photographs AU1400812 and AU2189695 are herein after collectively referred to as the "Copyrighted Works."

**B.     Defendant's Unlawful Activities**

16.     Plaintiff has discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Works.

17.     Specifically, Plaintiff discovered the Copyrighted Works being used for commercial purposes at a website owned or operated by Defendant, marketrealist.com, where they are produced, distributed, used in the creation of derivative works, and/or publicly displayed, without Plaintiff's authorization.

18.     The following are screenshots depicting the use of the Copyrighted Works

by Defendant:





19.    Upon information and belief, Defendant is directly responsible for the use

of the Copyrighted Works described above.

20. Upon information and belief, Defendant needed photographic content to render its website more appealing to users  Defendant could have inquired about a possible license from Plaintiff for use of the Copyrighted Works but did not.  Instead, Defendant searched the internet and located the Copyrighted Works and, without authorization from Plaintiff, downloaded the Copyrighted Works to computer systems owned or operated by Defendant, and then used the Copyrighted Works in the creation of the webpage depicted above, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Works.

21. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Works.

22. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Works are without Plaintiff's authorization.

23. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful.

24. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights.  Defendant, a media business familiar with copyright law and the need to seek a license for the use of the Copyrighted Works, knew it did not have permission to use Plaintiff's Copyrighted Works and deliberately did so anyway.

25. Defendant's unauthorized reproduction, distribution, derivation, and public

display of Plaintiff's Copyrighted Works are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant failed to educate the employee or employees responsible for these infringements as to the requirements of the copyright laws to obtain permission to copy, reproduce, publicly display the Copyrighted Works without authorization from Plaintiff.

26.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant was willfully blind to the risk of infringement by allowing its writers and editors to post the Copyrighted Works on Defendant's website without verifying the authorization for the use of the Copyrighted Works.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

27.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

28.     The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

29.     Plaintiff owns, and has owned at all relevant times, sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

30.     As a result of Plaintiff's prior publication of the Copyrighted Work, Defendant had access to the Copyrighted Works prior to the creation of the Infringing Website.

31.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by

reproducing, distributing, using in the creation of an unlawful derivative works, and/or publicly displaying the Copyrighted Works at the infringing website.

32.    Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

33.    As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

34.    In addition, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

35.    In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for the infringement of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

36.    Further, pursuant to 17 U.S.C. § 505, Plaintiff is entitle to recover its reasonable attorneys' fees.

37.    Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.    A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.    A declaration that such infringement is willful;

3.    An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4.    Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.    Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.    Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.    Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.    Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display,

advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 4, 2025

       Respectfully submitted,

       /s/ *R. Terry Parker*
       R. Terry Parker, Esquire
       Law Office of R. Terry Parker
       43 West 43rd Street, Suite 275
       New York, New York 10036
       Telephone: (212) 859-5068
       Email: terry@rterryparkerlaw.com

       *Attorney for Plaintiff*